**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 09 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KARA L. REAGAN**
Stafford Law Office, LLC
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| In the Matter of COMMITMENT OF E.L., | ) | |
| | ) | |
| E.L., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1311-MH-571 |
| | ) | |
| INDIANA UNIVERSITY HEALTH– | ) | |
| BLOOMINGTON HOSPITAL and | ) | |
| TERRI KLINGELHOEFER, MA, LSW, | ) | |
| | ) | |
| Appellees-Petitioners. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable MaryEllen Diekhoff, Special Judge
Cause No. 53C07-1310-MH-363

**June 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

E.L. appeals her temporary involuntary commitment at Indiana University Health-Bloomington Hospital ("Hospital") contending that the evidence was insufficient to support the commitment for a period of up to ninety days and the order for forced medication. *Sua sponte*, we address the dispositive issue of whether E.L.'s appeal should be dismissed as moot because E.L.'s commitment concluded on January 13, 2014.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

In a "Statement in Support of Immediate Detention of Mentally Ill and Dangerous Person," dated October 6, 2013, Dr. Robert Skelton, a Hospital physician, stated that E.L. was in a manic state of mind and was "continually attempting to find son and neglecting self care by not eating or drinking, continually show[ing] a verbal diatribe of thoughts and ideas that are not of a person in good mental health." *Appellant's App*. at 15. The report stated that E.L.'s random actions could lead to people being aggressive toward her and could lead to her being harmed. *Id*. According to physician's emergency statement of Dr. Matthew Runnebohm, another Hospital physician, E.L. was "currently manic," "yelling and cursing," and "calling 911 repeatedly." *Id*. at 9. On October 10, 2013, Terri Klingelhoefer, a health officer of the Hospital, filed a petition for the temporary involuntary commitment of E.L. *Id*. at 10-11. E.L. was appointed counsel, and a hearing on the petition was held on October 15, 2013.

In the "Emergency Report Following Detention," dated October 10, 2013 and signed by Dr. Carey Mayer, Dr. Mayer opined that E.L. was suffering from "[b]ipolar disorder manic episode," is dangerous or gravely disabled, and "requires continuing care

2

and treatment." *Id*. at 16. Dr. Mayer recommended that E.L. be detained in "this facility" pending the hearing. *Id*. The trial court held a hearing at which Dr. Perry Griffith, a board certified psychiatrist, testified that he had seen E.L. once in 2012 and now in 2013. *Tr*. at 2. Dr. Griffith testified that E.L. has a diagnosis of bipolar disorder and opined that E.L. is acutely dangerous to herself because of her disorganization and inability to provide for her basic needs. *Id*. E.L. testified at the hearing on her own behalf. Following the hearing, the trial court granted the Hospital's petition and issued an Order for Involuntary Commitment of E.L. for a temporary period not to exceed ninety days. E.L. filed a Motion to "Correct Error and for Order to Refrain from Administering Medication," which the trial court denied on October 23, 2013. *Appellant's App*. at 2, 27-32. E.L. timely filed a notice of appeal.[1]

## DISCUSSION AND DECISION

A trial court may order a temporary mental health commitment where a petitioner shows that the patient is mentally ill and either dangerous to herself or others or gravely disabled. Ind. Code § 12-26-6-1. E.L. contends that the evidence was insufficient to support the commitment order.

E.L. admits that her "period of temporary involuntary commitment in this matter expired on January 13, 2014, and that she is no longer subject to the order." *Appellant's Br*. at 9. Accordingly, E.L. acknowledges this appeal is moot. *Id*.; *see G.Q. v. Branam*, 917 N.E.2d 703, 706 (Ind. Ct. App. 2009) (appeal is moot where patient has been

---

[1] E.L. filed her Appellant's Brief on January 21, 2014, about one week after she was released from involuntary commitment.

discharged from involuntary commitment). An exception to the general rule requiring us to dismiss moot appeals is the exception for issues of great public interest that are likely to recur. S*ee G.Q.*, 917 N.E.2d at 706 (moot case may be decided on its merits when it involves questions of great public interest that are likely to recur). Although we agree with E.L. that the issue of involuntary commitment is one of great public interest that is likely to recur, we decline to apply that exception here given the posture of this particular appeal and our corresponding standard of review. Because the Hospital and Klingelhoefer have not filed an appellees' brief in this matter, our standard of review is that of prima facie error. *Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. App. 2006). An issue pertaining to involuntary commitment is of great public importance and warrants a more thorough review than that in which only one party has filed a brief and participates in the appeal. Therefore, we decline to apply that exception to this appeal.

Dismissed.

MAY, J., and BAILEY, J., concur.

4